Diana C. **Ferreira**,
Plaintiff/Appellant,

v.

Rosalia Mafnas **Borja**, Isidora Mafnas Salas, Felisa M. Babauta, Carmen M. Guerrero, William M. Borja, Jose M. Borja, Juan M. Borja, Luna M. Borja and Patricia B. Robert,
Defendants/Appellees.
Appeal No. 90-047
Civil Action No. 86-0796
Opinion on Remand
January 3, 1995

favor of the defendants, and **REMAND** this matter to the trial court with instructions to enter a final judgement and decree quieting title in all three of the lots to Diana.

Argued and Submitted January 31, 1994

Counsel for appellant: John F. Biehl, Saipan (Carlsmith, Ball, Wichman, Murray, Case & Ichiki).

Counsel for appellees: Theodore R. Mitchell, Saipan.

BEFORE: DELA CRUZ, Chief Justice, ATALIG, Justice, and KING, Special Judge.

ATALIG, Justice:

The plaintiff/appellant, Diana C. Ferreira ("Diana"), appeals from a trial court order granting the defendants/appellees' ("defendants") cross motion for summary judgment.[1] This matter is being heard on remand from the Ninth Circuit Court of Appeals to "reconsider [our] interpretation of resulting trust law." *Ferreira v. Mafnas*, 1 F.3d 960, 963 (9th Cir. 1993), *vacating and remanding Ferreira v. Borja*, 2 N.M.I. 514 (1992).

We agree with the Ninth Circuit in that, because the purported transaction to be accomplished had an illegal purpose, no resulting trust would have arisen in favor of third parties not of Northern Marianas descent ("NMD"). Furthermore, we maintain that portion of this Court's previous conclusion that agency theory is not applicable to this matter. *See Ferreira*, 2 N.M.I. at 525. In light of our conclusions that neither the resulting trust doctrine nor agency principles may be applied to render Diana's transactions with the defendants unconstitutional, there is no occasion to consider the constitutionality of any agreements she may have had with non-NMDs not parties to this quiet title action.

Based on the foregoing, we hereby **REVERSE** the court's grant of summary judgment against Diana in

---

[1] The trial court concluded that under agency theory Diana, a person of Northern Marianas descent ("NMD"), was acting as an agent for her husband Frank F. Ferreira and James and Barbara Grizzard in various land transactions with the defendants. Because Frank and the Grizzards are not of NMD, these transactions were declared void ab initio under N.M.I. Const. art. XII. *See Ferreira v. Borja*, 3 CR 472 (N.M.I. Trial Ct. 1988), *aff'd on other grounds*, 2 N.M.I. 514 (1992), *vacated and remanded sub nom.*, *Ferreira v. Mafnas*, 1 F.3d 960 (9th Cir. 1993).

DELA CRUZ, Chief Justice, concurring:

I concur in the judgment to reverse the order granting summary judgment entered below in favor of the defendants.

This case returns to us on remand from the U.S. Court of Appeals for the Ninth Circuit. *Ferreira v. Mafnas*, 1 F.3d 960 (9th Cir. 1993). The Ninth Circuit instructed us to reconsider our interpretation of resulting trust law. It rejected as "untenable" our application of the common law doctrine of resulting trust and, on that basis, vacated our earlier judgment.

We have since reconsidered our interpretation of the law of resulting trust and, in view of the Ninth Circuit's ruling that our application of that doctrine is untenable, we really have no recourse but to set aside our earlier reliance on the doctrine.

I write separately because I wish to set forth what I believe the Ninth Circuit's ruling is saying: that because N.M.I. Const. art. XII ("Article XII") is itself the law which prohibits a person not of Northern Marianas descent ("non-NMD") from acquiring a permanent or long-term interest in land, we cannot judicially imply or create a resulting trust in favor of non-NMDs furnishing the purchase money used to acquire real property in the Commonwealth. Thus, all fee title, legal and equitable, vests entirely in the plaintiff/appellant, Diana C. Ferreira. The non-NMDs—Frank Ferreira and James and Barbara Grizzard—have no fee interest whatsoever, notwithstanding the fact that they provided the purchase money for the lands at issue. Absent Article XII's prohibition, the three would, under resulting trust law, have an equitable fee interest in the land at issue, since they furnished the purchase money.

As to the agency-trust theory relied upon by the defendants as the basis for the alleged Article XII violation, we have earlier rejected that theory as not viable. And since there is no other basis asserted upon which we could find an Article XII violation, I concur in the judgment to reverse the grant of summary judgment in favor of the defendants and for entry of judgment in favor of the plaintiff.

The effect of all this, as I noted earlier, is that all fee title and interest in the land at issue, legal and equitable, is quieted in the name of the plaintiff/appellant, Diana C. Ferreira.